**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-62561-CIV-SMITH**

LEYLA TORAYEVA

Petitioner,

v.

WARDEN OF THE BROWARD TRANSITIONAL CENTER, *et al.*,

Respondents.
_______________________________________/

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court upon the Petition for Writ of Habeas Corpus [DE 1]. Petitioner was arrested on September 8, 2026, without a warrant. She seeks immediate release or a bond hearing before an immigration judge, at which the burden will be shifted to Respondents to establish that Petitioner is a flight risk or a danger to the community. Respondents assert that Petitioner's arrest was lawful under 8 U.S.C. § 1357(a)(2), which allows warrantless arrests where there is reason to believe that the noncitizen is unlawfully in the United States and is likely to escape before a warrant can be obtained for her arrest. After an evidentiary hearing, where the Court heard testimony from the arresting officer, the Petition is granted in part.

Based on the facts in the record, Petitioner was arrested on September 8, 2026, one day before the issuance of the Form I-200 Warrant, dated September 9, 2026, and served on Petitioner on September 10, 2026. (DE 6-7.) After hearing the testimony of one of the arresting officers, the Court finds that the arresting officer had reason to believe that Petitioner was likely to escape before a warrant could be obtained, given that Petitioner was arrested at Miami International Airport. Even if Petitioner's initial warrantless arrest was unlawful, the Court does not find that

the defect would necessarily entitle her to release, given the issuance of the warrant one day after her arrest and that she is subject to immigration detention pending the completion of her removal proceedings. *See, e.g., Ismorin v. Miami ICE Field Off. Dir.*, No. 26-62469-CIV-WPD (S.D. Fla. Sept. 23, 2026) (citing *Salcido Mendez v. Sec'y Homeland Sec.*, No. 5:26-CV-03145-SB-AJR, 2026 WL 2138133, at *2 (C.D. Cal. July 17, 2026) (explaining that because Petitioner has not shown the that the defect would entitle him to release, release is not the proper remedy, and the proper remedy would be to give the government an opportunity to cure the defect)).

However, under the Eleventh Circuit's holding in *Hernandez Alverez v. Warden*, *Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026), Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner has not, however, provided the Court with any authority that would permit this Court to order the immigration judge to alter the burden of persuasion at her bond hearing, as requested in her Petition.

Accordingly, it is,

**ORDERED** that the Petition for Writ of Habeas Corpus [DE 1] is **GRANTED in part:**

1. Within 10 days of the date of this Order, Respondents shall provide Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a).

2. Respondents shall, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

3. All pending motions are **DENIED as moot.**

4. This case is **CLOSED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 2nd day of October, 2026.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE